BRADFORD J. DEJARDIN (SBN 195764)
Brad.Dejardin@huschblackwell.com
HUSCH BLACKWELL LLP
355 South Grand Avenue, Suite 2850
Los Angeles, California 90071
*Telephone*: 213.337.6550
*Facsimile*: 213.337.6551

SHAYAN HEIDARZADEH (SBN 299915)
Shayan.Heidarzadeh@huschblackwell.com
HUSCH BLACKWELL LLP
1999 Harrison Street, Suite 1300
Oakland, CA 94612
*Telephone:* 510.768.0650
*Facsimile:* 510.768.0651

Attorneys for Defendant
FANUC AMERICA CORPORATION

HUSCH BLACKWELL LLP
1999 HARRISON STREET SUITE 1300, OAKLAND, CA 94612
510.768.0650

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER HINTERDOBLER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FANUC AMERICA, a corporation doing business in the State of California; TESLA, INC., a Texas corporation doing business in the State of California; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE No. 4:25-cv-08001<br><br>Removed from the Superior Court of the State of California, County of Alameda State Court Case No. 25CV133194<br><br>**NOTICE OF REMOVAL BY DEFENDANT FANUC AMERICA CORPORATION**<br><br>State Court Action Filed: July 22, 2025<br>Removal Date: September 19, 2025 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant FANUC America Corporation ("FANUC"), improperly named as FANUC America, pursuant to, *inter alia*, 28 U.S.C. §§ 1332, 1441, and 1446 and Local Rule 3-2(d), and with the consent of Defendant Tesla, Inc. ("Tesla"), removes the above-

captioned civil action filed by Plaintiff Peter Hinterdobler ("Plaintiff") from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California. As grounds for removal, FANUC states as follows:

## The State Court Action

1.     On July 22, 2025, Plaintiff filed a complaint for damages commencing a civil action against FANUC, Tesla, and Does 1 through 100 (the "Doe Defendants") (all collectively, "Defendants") in the Superior Court of the State of California, County of Alameda, captioned *Peter Hinterdobler v. FANUC America, et al*., Case No. 25CV133194 (the "State Court Action"). The State Court Action asserts four causes of action: (i) General Negligence (against all Defendants); (ii) Product Liability – Negligence (against FANUC and Doe Defendants 6-50); (iii) Product Liability – Strict Liability (against FANUC and Doe Defendants 6-50); and (iv) Premises Liability (against Doe Defendants 1-5). Pursuant to 28 U.S.C. § 1446(a) and Local Rule 3-2(d), a true and accurate copy of the complaint for damages in the State Court Action, along with all process, pleadings, orders, and other documents on file in the Superior Court of the State of California, County of Alameda, is attached to and incorporated by reference in this notice as **Exhibit A**.

2.     On August 21, 2025, FANUC was served with the summons and complaint for damages in the State Court Action. *See* **Ex. A**, Proof of Service as to FANUC.

3.     On August 22, 2025, Tesla was served with the summons and complaint for damages in the State Court Action. *See* **Ex. A**, Proof of Service as to Tesla.

4.     This notice of removal is timely under 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days of FANUC's and Tesla's receipt of a copy of Plaintiff's complaint for damages in the State Court Action, and the time for removal under 28 U.S.C. § 1446 has not yet expired. *See id.*

## Grounds for Removal

5.     The State Court Action is a civil action as to which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441, because Plaintiff's claims are wholly of a civil nature, the real parties in interest are citizens of different states, and the amount in controversy exceeds the sum and value of $75,000.00, exclusive

HUSCH BLACKWELL LLP
1999 HARRISON STREET SUITE 1300, OAKLAND, CA 94612
510.768.0650

of interest and costs.

### Diversity of Citizenship

6.      Plaintiff is a citizen and resident of the State of California. *See* **Ex. A**, Pl.'s Compl. ¶ 2.

7.      FANUC is a citizen of the States of Delaware and Michigan, as it is a foreign corporation incorporated under the laws of the State of Delaware with its principal place of business in Rochester Hills, Michigan. *See* **Exhibit B**, FANUC Registry Portal on Michigan Secretary of State Website.

8.      Tesla is a citizen of the State of Texas, as it is a foreign corporation incorporated under the laws of the State of Texas with its principal place of business in Austin, Texas. *See* **Exhibit C**, Tesla Certificate of Conversion Filed with Texas Secretary of State.

9.      Neither FANUC nor Tesla is a citizen of the State of California. 28 U.S.C. § 1441(b)(2).

10.     The citizenship of the Doe Defendants is disregarded for purposes of determining removability of the State Court Action, and the Doe Defendants therefore do "not destroy diversity in the removal context." *Gardiner Fam., LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1035 (E.D. Cal. 2015) (citing *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989)); *see also* 28 U.S.C. § 1441(b)(1) ("[I]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

11.     There is complete diversity of citizenship between the real parties in interest.

### Amount in Controversy

12.     In his complaint for damages, Plaintiff seeks damages for "serious physical injuries[,] . . . pain, emotional distress, lost wages, medical expenses, and diminished earning capacity, all in amounts to be proven at trial[,]" as well as punitive and exemplary damages. *See* **Ex. A**, Pl.'s Compl. at ¶¶ 28, 36, 43, 49, and Prayer for Relief. His statement of damages sets out $51 million in alleged damages. *See* **Exhibit D**, Pl.'s Statement of Damages.

13.     The amount in controversy in the State Court Action therefore exceeds $75,000,

HUSCH BLACKWELL LLP
1999 HARRISON STREET SUITE 1300, OAKLAND, CA 94612
510.768.0650

exclusive of interest and costs. *See id.*; 28 U.S.C. § 1332(a).

**Other Requirements**

14.    The State Court Action is not an action described in 28 U.S.C. § 1445.

15.    The United States District Court for the Northern District of California is the appropriate Court for the filing of this notice of removal, and venue in either the Oakland or San Francisco Division is proper pursuant to 28 U.S.C. § 105(a)(1) and Local Rule 3-2(d), as this action originated in the Superior Court of the State of California, County of Alameda, which is embraced by the Northern District and located within either Division per the local rule.

16.    FANUC will promptly give written notice of the filing of this notice of removal to Plaintiff, as required by 28 U.S.C. § 1446(d).

17.    FANUC will promptly file written notice of the filing of this notice of removal with the Clerk of the Superior Court of the State of California, County of Alameda, as required by 28 U.S.C. § 1446(d).

18.    Tesla consents to this removal, as required by 28 U.S.C. § 1446(b)(2)(A). *See* **Exhibit E**, Tesla's Consent to Removal.

19.    Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Local Rule 3-15, FANUC will file separately its corporate disclosure statement.

20.    FANUC reserves the right to amend or supplement this notice of removal.

21.    If any question arises as to the appropriateness of removal, FANUC respectfully requests the opportunity to present written and oral argument in further support of removal.

22.    No admission of fact, law, or liability is intended by this notice of removal, and all defenses, affirmative defenses, and motions are preserved.

WHEREFORE, Defendant FANUC America Corporation, improperly named as FANUC America, respectfully gives notice that the above-captioned action, *Peter Hinterdobler v. FANUC America Corporation, et al*., Case No. 25CV133194, initiated in the Superior Court of California, County of Alameda, is removed to the United States District Court for the Northern District of California.

HUSCH BLACKWELL LLP
1999 HARRISON STREET SUITE 1300, OAKLAND, CA 94612
510.768.0650

1

2

3
Dated: September 19, 2025

HUSCH BLACKWELL LLP

4
BRADFORD J. DEJARDIN
SHAYAN HEIDARZADEH

5

6
By: _____

7
SHAYAN HEIDARZADEH

8
Attorneys for Defendant

9
FANUC AMERICA CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HUSCH BLACKWELL LLP
1999 HARRISON STREET SUITE 1300, OAKLAND, CA 94612
510.768.0650

# EXHIBIT A

 Superior Court of Alameda County Public Portal

---

**25CV133194** HINTERDOBLER vs FANUC AMERICA, A CORPORATION DOING BUSINESS I...

**Civil Unlimited** (Other Personal Injury/Propert...)

Filed: 07/22/2025

Rene C. Davidson Courthouse / DEPT 17 - HON. Sarah Sandford-Smith

Next Hearing: 12/19/2025 Initial Case Management Conference

Document Download

## Case Summary

Register of Actions    Participants    Future Hearings

| Date | Message | Category | Download |
|------|---------|----------|----------|
| 07/22/2025 | **Complaint**<br>Filed by: Peter Hinterdobler (Plaintiff)<br>As to: FANUC AMERICA, a corporation doing business in the State of California (Defendant); TESLA, INC., a Texas Corporation doing business in the State of California (Defendant) | Document | ⬇ |
| 07/22/2025 | **Summons on Complaint**<br>Issued and Filed by: Peter Hinterdobler (Plaintiff)<br>As to: FANUC AMERICA, a corporation doing business in the State of California (Defendant); TESLA, INC., a Texas Corporation doing business in the State of California (Defendant) | Document | ⬇ |
| 07/22/2025 | **Notice of Case Management Conference**<br>Filed by: Clerk | Document | ⬇ |
| 07/22/2025 | **Notice of Case Assignment**<br>Filed by: Clerk | Document | ⬇ |
| 07/29/2025 | Initial Case Management Conference scheduled for 12/19/2025 at 09:00 AM in Rene C. Davidson Courthouse at Department 17 | Event | |
| 07/29/2025 | **Civil Case Cover Sheet**<br>Filed by: Peter Hinterdobler (Plaintiff) | Document | ⬇ |
| 07/29/2025 | Case assigned to Hon. Sarah Sandford-Smith in Department 17 Rene C. Davidson Courthouse | Assignment | |
| 08/25/2025 | **Proof of Service of Summons**<br>Filed by: Peter Hinterdobler (Plaintiff)<br>As to: TESLA, INC., a Texas Corporation doing business in the State of California (Defendant)<br>Service Cost Waived: No<br>Service Date: 08/22/2025 | Document | ⬇ |
| 08/29/2025 | **Proof of Personal Service**<br>Filed by: Peter Hinterdobler (Plaintiff)<br>As to: FANUC AMERICA, a corporation doing business in the State of California (Defendant)<br>Service Date: 08/21/2025<br>Service Cost Waived: No | Document | ⬇ |

Terms of Service

Contact Us
About this Site

Copyright © Journal Technologies, USA. All rights reserved.

**FIRST PERSON LEGAL**
Elinor Leary, State Bar No. 227232
100 Pine St. Ste 1250
San Francisco, CA 94111
Telephone: (415) 745-3595
Email: eleary@firstperson.legal

Attorneys for Plaintiff,
PETER HINTERDOBLER

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
07/22/2025 at 03:39:39 PM
By: Andrel Gospel,
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| PETER HINTERDOBLER, an individual,<br><br>Plaintiff,<br>vs.<br><br>FANUC AMERICA, a corporation doing business in the State of California; TESLA, INC., a Texas corporation doing business in the State of California; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:  25CV133194<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1.  General Negligence<br>2.  Product Liability – Negligence<br>3.  Product Liability – Strict Liability<br>4.  Premises Liability<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff PETER HINTERDOBLER generally alleges against FANUC AMERICA, a corporation doing business in the State of California; TESLA, INC., a Texas corporation doing business in the State of California; and DOES 1 through 100, inclusive, as follows:

1.     The entirety of this complaint is pleaded upon information and belief. Each allegation contained herein will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

//

//

**PARTIES**

2.     Plaintiff Peter Hinterdobler ("Plaintiff") is an individual residing in the County of Stanislaus, State of California. At all times relevant herein, Plaintiff was employed as a robotics mechanic by Defendant Tesla, Inc.("TESLA") and performed work at TESLA's facility located at 45500 Fremont Blvd., Fremont, California, in the County of Alameda.

3.     Defendant FANUC AMERICA ("FANUC") is a corporation doing business in the State of California with a principal place of business located in Union City, California, in the County of Alameda at 29700 Kohoutek Way. FANUC develops, designs, manufactures, assembled, distributes, sells, provides instruction and warnings for, and otherwise places into the stream of commerce industrial robots used in manufacturing, and also inspects, services, maintains, repairs, and alters such robots, including the robot involved in plaintiff's injuries.

4.     Defendant TESLA, INC. is a corporation doing business in the State of California, with a principal place of business located in Fremont, California, in the County of Alameda. Plaintiff is informed and believes, and thereon alleges, that at all times relevant hereto, TESLA owned, controlled, or maintained the premises located at 45500 Fremont Blvd., Fremont, California, and was Plaintiff's employer.

5.     Plaintiff is informed and believes, and thereon alleges, that DOES 1-5, and each of them, was and is the owner, lessor, lessee, property manager, or other person or entity responsible for the ownership, possession, maintenance, or control of the premises located at 45500 Fremont Blvd., Fremont, California, at the time of the incident described herein. Plaintiff further alleges that the FANUC robot that caused Plaintiff's injuries was a permanently installed fixture or appurtenance to the premises and constituted a dangerous condition for which Doe 1 is legally responsible.

6.     The true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is in some manner responsible for the injuries and damages sustained by Plaintiff

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1    as alleged herein.

2        7.    Plaintiff is informed and believes, and thereon alleges, that at all times mentioned

3    herein, each of the Defendants was the agent, servant, employee, partner, joint venturer,

4    representative, alter ego, or co-conspirator of each of the remaining Defendants and was acting

5    within the course and scope of said relationship and with the knowledge and consent of the

6    remaining Defendants.

7        8.    At times relevant, Defendant Does 1 to 50, inclusive, were either residents of the

8    State of California, doing business in the County of Alameda, and/or are subject to the jurisdiction

9    of the State of California.

10        9.    At times relevant, all defendants were the agents, servants, contractors,

11    subcontractors, and/or employees of their co-defendants, and in acting and/or failing to act, as

12    described herein, were acting in the course and scope of their authority as such agents, servants,

13    contractors, subcontractors, and/or employees, and with the permission and consent of their co-

14    defendants.

15                        **JURISDICTION AND VENUE**

16        10.    Venue is proper in the Superior Court for the County of Alameda under Code of

17    Civil Procedure sections 395 and 395.5 because the incident giving rise to Plaintiff's injuries

18    occurred at a TESLA facility located in Alameda County, and because Defendant FANUC

19    maintains a principal place of business and/or regional office at 29700 Kohoutek Way, Union City,

20    California 94587, also in Alameda County. Additionally, one or more Defendants reside, are

21    domiciled, or regularly conduct business in the County of Alameda.

22        11.    This Court has jurisdiction over all Defendants named herein because they reside in,

23    are authorized to do business in, or have sufficient minimum contacts with the State of California

24    such that the exercise of jurisdiction over them by California courts comports with traditional

25    notions of fair play and substantial justice.

26                        **GENERAL ALLEGATIONS**

27        12.    On or about July 22, 2023, Plaintiff Peter Hinterdobler was working as a robotics

28    mechanic for TESLA. at its facility located at 45500 Fremont Blvd., Fremont, California, in the

---

3

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

County of Alameda.

13.    At the time of the incident, Plaintiff was assisting a TESLA engineer with disassembly of a FANUC industrial robot used in the process of industrial manufacturing. The robot had been relocated from its normal position on the Model 3 production line to a different area not designated for such equipment.

14.    While the engineer attempted to remove the motor at the base of the robot in order to access its internal dress pack, the robot's arm suddenly and without warning released with great force. The release involved both the robotic arm's own power and the force of an approximately 8,000-pound counterbalance weight.

15.    The robotic arm struck Plaintiff with substantial force, causing him to be thrown to the floor and to lose consciousness, among other injuries.

16.    As a result of the incident, Plaintiff suffered physical, emotional and financial harm, including incurring medical treatment for his injuries.

17.    Following the incident, TESLA implemented new rigging and safety protocols specifically related to the FANUC robot involved in Plaintiff's injury.

18.    Plaintiff is informed and believes, and thereon alleges, that video footage of the incident exists and is in the possession of TESLA and/or its EHS department. Despite requests, Plaintiff has not been provided access to the footage.

## FIRST CAUSE OF ACTION

### GENERAL NEGLIGENCE

### (Against All Defendants)

19.    Plaintiff realleges and incorporates by reference each and every paragraph set forth above as though fully set forth herein.

20.    At all times relevant hereto, Defendants, and each of them, owed Plaintiff a duty to use reasonable care in the ownership, operation, maintenance, supervision, training, inspection, repair, alteration, development, design, manufacture, warning, and use of the FANUC robot and the TESLA worksite where Plaintiff was injured. This duty included but was not limited to compliance with industry standards, safety standards, statutes, ordinances, and regulations designed

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

to promote workplace safety and prevent injuries of the type suffered by Plaintiff.

21.     Plaintiff is a member of the class of persons intended to be protected by the foregoing statutes and regulations, which are designed to prevent injuries caused by the unexpected movement or release of energy from machinery and to ensure proper training and supervision of workers operating or assisting with industrial equipment.

22.     Defendants, and each of them, violated one or more of these safety laws and regulations by, among other things, failing to implement adequate safety procedures, failing to properly train Plaintiff, and failing to ensure that the robot was safely de-energized, secured, and stable before allowing Plaintiff to assist with the disassembly process.

23.     The violations of these safety laws and regulations by Defendants, and each of them, created the very type of hazard those laws were designed to prevent and were a proximate cause of Plaintiff's injuries.

24.     As a direct and proximate result of Defendants' violations of safety statutes and regulations, Plaintiff sustained the injuries and damages described herein.

25.     Defendants FANUC. breached its duty of care by, among other things, failing to properly train Plaintiff on the use and handling of the FANUC robot; allowing or instructing Plaintiff to assist in the disassembly of a hazardous machine for which he was inadequately trained; failing to supervise the procedure that led to the uncontrolled release of the robot's arm.

26.     Defendant FANUC breached its duty of care by negligently designing, manufacturing, or failing to adequately warn or instruct users, including Plaintiff, regarding the safe handling, disassembly, and internal configuration of its robot. Plaintiff is informed and believes, and thereon alleges, that the robot failed in a dangerous and unexpected manner during a foreseeable type of use or maintenance activity.

27.     Defendant FANUC breached its duty of care by negligently maintaining, inspecting, repairing, altering or instructing users, including Plaintiff, regarding the safe handling, disassembly, and internal configuration of its robot. Plaintiff is informed and believes, and thereon alleges, that the robot failed in a dangerous and unexpected manner during a foreseeable type of use or maintenance activity.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

28.    As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff sustained serious physical injuries and has suffered, and continues to suffer, pain, emotional distress, lost wages, medical expenses, and diminished earning capacity, all in amounts to be proven at trial.

29.    Plaintiff is informed and believes, and thereon alleges, that the conduct of Defendants, and each of them, was a substantial factor in causing Plaintiff's harm.

**SECOND CAUSE OF ACTION**

**PRODUCT LIABILITY - NEGLIGENCE**

**(Against Defendant FANUC, and DOES 6-50 and each of them)**

30.    Plaintiff realleges and incorporates by reference each and every paragraph set forth above as though fully set forth herein.

31.    At all times relevant hereto, Defendant FANUC was engaged in the business of developing, designing, manufacturing, assembling, testing, inspecting, repairing, maintaining, altering, distributing, instructing, providing training, and/or selling industrial robots, including the FANUC robot involved in the incident that caused Plaintiff's injuries.

32.    The FANUC robot was defectively and negligently designed, manufactured, assembled, and/or distributed in that it posed an unreasonable risk of sudden or uncontrolled release of mechanical force during foreseeable maintenance or disassembly procedures, including those involving removal of the base motor or access to the internal dress pack.

33.    FANUC negligently failed to provide adequate warnings, instructions, or safety guidance regarding known or foreseeable risks associated with disassembly of the robot or exposure to the internal mechanical components.

34.    FANUC negligently provided training for, inspected, maintained, altered, and/or repaired the robot and its components.

35.    At the time of the incident, Plaintiff was acting in a foreseeable manner, using the robot in the context of routine maintenance or inspection. The robot's release of force and resulting impact were not expected or properly safeguarded against.

36.    As a direct and proximate result of FANUC's negligence, Plaintiff sustained the

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

injuries and damages described herein.

**THIRD CAUSE OF ACTION**

**PRODUCT LIABILITY – STRICT LIABILITY**

**(Against Defendant FANUC and DOES 6-50, and each of them)**

37.    Plaintiff realleges and incorporates by reference each and every paragraph set forth above as though fully set forth herein.

38.    At all times relevant hereto, Defendant FANUC was in the business of designing, manufacturing, assembling, testing, inspecting, distributing, and/or selling industrial robots, including the FANUC robot that injured Plaintiff.

39.    FANUC placed the subject robot into the stream of commerce with the expectation that it would be used in the workplace by end users such as Plaintiff, and without substantial change in its condition from the time it left FANUC's control.

40.    The FANUC robot was unreasonably dangerous and defective in one or more of the following respects: (a) it was defectively designed such that it could unexpectedly release mechanical force during maintenance or disassembly; (b) it lacked adequate safety mechanisms or fail-safes to prevent such force during foreseeable servicing; and/or (c) it was distributed without adequate warnings or instructions concerning the risk of injury during internal access or removal of its motor components.

41.    At the time of the incident, Plaintiff was using or interacting with the robot in a reasonably foreseeable manner, under the direction of another TESLA employee, in the course of his employment. Plaintiff had no reason to expect the robot to suddenly release energy or move in a hazardous manner during the procedure.

42.    The defects in the robot were a substantial factor in causing Plaintiff's injuries and damages.

43.    As a direct and proximate result of the defective condition of the robot, Plaintiff sustained the injuries and damages described herein.

//

//

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

## FOURTH CAUSE OF ACTION

### PREMISES LIABILITY

### (Against Defendant DOES 1-5, and each of them)

44. Plaintiff realleges and incorporates by reference each and every paragraph set forth above as though fully set forth herein.

45. At all times relevant hereto, Defendant DOES 1-5, and each of them was the owner, lessor, lessee, property manager, or other person or entity responsible for the ownership, possession, maintenance, or control of the premises located at 45500 Fremont Blvd., Fremont, California.

46. On or about July 22, 2023, while Plaintiff was lawfully present on the premises in the course and scope of his employment, he was injured when a FANUC industrial robot—located in an area not designated for its usual operation—released with great force during a disassembly procedure and struck Plaintiff, causing him injury as described herein.

47. Plaintiff is informed and believes, and thereon alleges, that the FANUC robot was permanently installed, affixed, or integrated into the premises in such a manner that it constituted an appurtenance to the property and a dangerous condition that posed an unreasonable risk of injury to those present on the premises, including Plaintiff.

48. Plaintiff is further informed and believes, and thereon alleges, that Defendant DOES 1-5, and each of them knew or, in the exercise of reasonable care, should have known of the existence of the dangerous condition created by the installation, relocation, or configuration of the robot, and failed to take reasonable measures to inspect, repair, remove, or warn of the condition.

49. As a direct and proximate result of the dangerous condition of the premises and the failure of Doe 1 to maintain the premises in a reasonably safe condition, Plaintiff sustained the injuries and damages described herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Peter Hinterdobler prays for judgment against Defendants, and each of them, as follows:

1. For general damages in an amount according to proof;

2. For special damages, including but not limited to lost earnings, medical expenses, and loss

1   of earning capacity, according to proof;

2   3.  For costs of suit incurred herein;

3   4.  For prejudgment and post judgment interest as permitted by law;

4   5.  For punitive and exemplary damages against those Defendants whose conduct justifies such

5       an award, in an amount according to proof; and

6   6.  For such other and further relief as the Court may deem just and proper.

7                          **<u>DEMAND FOR JURY TRIAL</u>**

8   Plaintiff Peter Hinterdobler hereby demands a trial by jury.

11  Dated: July 22, 2025                    FIRST PERSON LEGAL

13

14                                          By: _____

15                                          Elinor Leary
                                            FIRST PERSON LEGAL
16                                          Attorneys for Plaintiff, Aaron Cunningham

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FANUC AMERICA, a corporation doing business in the State of California; TESLA, INC., a Texas corporation doing business in the State of California; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PETER HINTERDOBLER

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
07/22/2025
Chad Finke, Executive Officer / Clerk of the Court
By: _____ A. Gospel _____ Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California

County of Alameda, 24405 Amador Street, Hayward, CA 94544

CASE NUMBER:
*(Número del Caso):*
**25CV133194**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Elinor Leary, FIRST PERSON LEGAL, 100 Pine Street, Ste 1250, San Francisco CA 94111    (415) 745-3595

DATE: 07/22/2025
*(Fecha)* Chad Finke, Executive Officer / Clerk of the Court

Clerk, by
*(Secretario)* _____, Deputy
*(Adjunto)*
A. Gospel

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* **FANUC AMERICA**
   under: [X] CCP 416.10 (corporation)  [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110. If applicable, when you file your CM-110 file one of the following:
>   - Parties seeking early ADR may request a delay of the Initial Case Management Conference (CMC) by filing form ALA ADR-001, Stipulation to Attend Alternative Dispute Resolution (ADR) and Delay the Initial CMC for 90 days.
>   - Parties seeking referral to the Civil and Probate Mediation Panel (CMP) should file with the clerk a Request for Referral to CMP and Proposed Order.
>
> - Agreeing to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email: adrprogram@alameda.courts.ca.gov
> Or visit the court's website at www.alameda.courts.ca.gov/general-information/adr

### What Are the Advantages of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.
- *Cheaper* – Parties can save on attorneys' fees and litigation costs.
- *More control and flexibility* – Parties choose the ADR process appropriate for their case.
- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.
- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is the Disadvantage of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

- o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

  Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- o **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  - o **Judicial Arbitration Program (non-binding):** The judge can refer a case, or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  - o **Private Arbitration (binding and non-binding)** occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs in Alameda County

Low-cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephones: (925) 337-7175 | (925) 337-2915 (Spanish)
Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

**The Congress of Neutrals**
3478 Buskirk Avenue, Suite 1000, Pleasant Hill, CA 94523
Telephone: (925) 937-3008  Website: www.congressofneutrals.org
Their mission is to serve the community, promote harmony and help resolve conflict,
one conversation at a time.

Note: For a list of additional mediation service providers, please contact the ADR Office.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:           FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**
STREET ADDRESS:
MAILING  ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544, or Fax to (510) 267-5727.

1.  Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:                    Time:                        Department:

2.  Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

   ☐ Court mediation          ☐ Judicial arbitration
   ☐ Private mediation        ☐ Private arbitration

3.  All parties agree to complete ADR within 90 days and certify that:

   a.  No party to the case has requested a complex civil litigation determination hearing;
   b.  All parties have been served and intend to submit to the jurisdiction of the court;
   c.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d.  Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e.  Case management statements are submitted with this stipulation;
   f.  All parties will attend ADR conferences; and,
   g.  The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____            ▶ _____
           (TYPE OR PRINT NAME)                                   (SIGNATURE OF PLAINTIFF)

Date:

_____            ▶ _____
           (TYPE OR PRINT NAME)                          (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Page 1 of 2

**ALA ADR-001**

| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE NUMBER.: |
|---|---|

Date:

_____  ▶  _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF DEFENDANT)

Date:

_____  ▶  _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp<br>**FILED**<br>Superior Court of California<br>County of Alameda<br>07/22/2025<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _A. Gospel_ Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1221 Oak Street, Oakland, CA 94612 | |
| PLAINTIFF:<br>Peter Hinterdobler | |
| DEFENDANT:<br>FANUC AMERICA, a corporation doing business in the State of Ca | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>25CV133194 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 12/19/2025    Time: 9:00 AM    Dept.: 17
>
> Location: Rene C. Davidson Courthouse
> 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Expedited Jury Trials

> If the parties agree, they may try the case in an Expedited Jury Trial. Code of Civ. Proc. § 630.01 et seq. In short, the parties would agree to the following: 8 jurors (6 must agree); 3 peremptory challenges per side; 5-hour time limit per side, unless otherwise agreed and approved; one to two court days for completion, unless otherwise agreed and approved; high/low arrangement option; and limited right to appeal. For additional information, please see the following links:
>
> • EJT-010-INFO* Expedited Jury Trial Information Sheet (ca.gov)
> • EJT-008 Agreement of Parties (Mandatory Expedited Jury Trial Procedures) (ca.gov)
> • EJT-020 [Proposed] Consent Order for Voluntary Expedited Jury Trial (ca.gov)

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>07/22/2025<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _A. Gospel_ Deputy<br>A. Gospel |
| PLAINTIFF/PETITIONER:<br>Peter Hinterdobler | |
| DEFENDANT/RESPONDENT:<br>FANUC AMERICA, a corporation doing business in the State of<br>California et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25CV133194 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Elinor Leary
First Person Legal
100 Pine Street
San Francisco, CA 94111

Chad Finke, Executive Officer / Clerk of the Court

Dated: 07/29/2025                    By:

_A. Gospel_

A. Gospel, Deputy Clerk

**CERTIFICATE OF MAILING**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br><br>1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br><br>07/22/2025<br>Clad Flike, Executive Officer /Clerk of the Court<br>By: _Andar Lanpa_ Deputy<br>A. Gospel |
| PLAINTIFF(S):<br>Peter Hinterdobler | |
| DEFENDANT(S):<br>FANUC AMERICA, a corporation doing business in the State of Califo | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>25CV133194 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| ASSIGNED JUDGE: | Sarah Sandford-Smith |
| DEPARTMENT: | 17 |
| LOCATION: | Rene C. Davidson Courthouse<br>1221 Oak Street, Oakland, CA 94612 |
| PHONE NUMBER: | (510) 267-6933 |
| FAX NUMBER: | |
| EMAIL ADDRESS: | Dept17@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 1013)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**NOTICE OF CASE ASSIGNMENT**

**ASSIGNED FOR ALL PURPOSES TO**

JUDGE <u>Sarah Sandford-Smith</u>

DEPARTMENT <u>17</u>

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days." The court's website contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

A. Gospel, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Elinor Leary, Esq.    SBN: 227232<br>FIRST PERSON LEGAL<br>100 Pine Street, Ste 1250, San Francisco, CA 94111<br>TELEPHONE NO.: (415) 745-3595    FAX NO.: 415.366.2794<br>EMAIL ADDRESS: team@firstperson.legal<br>ATTORNEY FOR *(Name):* Plaintiff PETER HINTERDOBLER | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>07/29/2025 at 11:40:17 AM<br>By: Andrel Gospel,<br>Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS: 24405 Amador Street
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME: Hinterdobler vs FANUC AMERICA, a Corporation doing business in the State of California, et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 25CV133194 |
| | | | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify):* 4. General Negligence; Product Liability - Negligence; Product Liability - Strict Liability; Premises Liability

5. This case [ ] is [x] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 22, 2025

Elinor Leary
_____    ▶    _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **Elinor Leary SBN 227232**<br>**First Person Legal**<br>**100 Pine St Ste 1250**<br>**San Francisco, CA 94111**<br><br>TELEPHONE NO.: **(415) 745-3595**   FAX NO. *(Optional):*<br><br>E-MAIL ADDRESS *(Optional):* **team@firstperson.legal**<br>ATTORNEY FOR *(Name):*   **Plaintiff** | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>08/25/2025 at 01:56:56 PM<br>By: Tiffani Hayes,<br>Deputy Clerk |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**<br>    STREET ADDRESS:  2233 Shoreline Dr.<br>    MAILING ADDRESS:  2233 Shoreline Dr.<br>    CITY AND ZIP CODE:  Alameda, CA 94501<br>    BRANCH NAME:  SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA | |

| | |
|---|---|
| PLAINTIFF/PETITIONER:  PETER HINTERDOBLER<br><br>DEFENDANT/RESPONDENT:  FANUC AMERICA, a corporation doing business in the State of California | CASE NUMBER:<br>25CV133194 |

| | |
|---|---|
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>5077 |

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of: *Civil Case Cover Sheet; ADR Information Packet; Complaint; Notice of Case Assignment; Notice of Case Management Conference; Summons; Statement of Damages*

3. a. Party served *(specify name of party as shown on documents served): Tesla, Inc., a Texas corporation doing business in the State of California*

   b. [ × ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):* **CT Corporation System, agent for service - left with Diana Ruiz (auth.)**

4. Address where the party was served: *330 N Brand Blvd Suite 700 Glendale, CA 91203*

5. I served the party *(check proper box)*

   a. [ × ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **8/22/2025** (2) at: **11:51 AM**

   b. [ ] **by substituted service.** On: at: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

     (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

     (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

     (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

     (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
       *on:* *from:*   **or** [ ] a declaration of mailing is attached.

**Page 1 of 2**

POS-010 [Rev. January 1, 2007]                    **PROOF OF SERVICE OF SUMMONS**                    **Invoice # 12703968-02**

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: | PETER HINTERDOBLER | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | FANUC AMERICA, a corporation doing business in the State of California | 25CV133194 |

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on: _____ (2) from:

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** (*specify means of service and authorizing code section*):

☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of (*specify*):

c. ☐ as occupant.

d. ☒ On behalf of (*specify*): **Tesla, Inc., a Texas corporation doing business in the State of California** under the following Code of Civil Procedure section:

☒ 416.10 (corporation) ☐ 415.95 (business organization, form unknown)

☐ 416.20 (defunct corporation) ☐ 416.60 (minor)

☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)

☐ 416.40 (association or partnership) ☐ 416.90 (authorized person)

☐ 416.50 (public entity) ☐ 415.46 (occupant)

☐ other:

7.  **Person who served papers**

a. Name: **James P Sands**

b. Address: **828 Franklin St 802, San Francisco, CA 94102**

c. Telephone number: **415-440-2888**

d. **The fee** for service was:

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☒ a registered California process server:

(i) ☐ owner ☐ employee ☒ independent contractor.

(ii) Registration No.: **914**

(iii) County: **Los Angeles**

8.  ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Peter With r.p.s.

▶ **James P Sands** _____ Date: **08/25/2025**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **Elinor Leary SBN 227232**<br>**First Person Legal**<br>**100 Pine St Ste 1250**<br>**San Francisco, CA 94111**<br><br>TELEPHONE NO.: **(415) 745-3595**   FAX NO. *(Optional):*<br><br>E-MAIL ADDRESS *(Optional):* **team@firstperson.legal**<br>ATTORNEY FOR *(Name):*   **Plaintiff** | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>08/29/2025 at 03:18:31 PM<br>By: Suzanne Pesko,<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 2233 Shoreline Dr.
MAILING ADDRESS: 2233 Shoreline Dr.
CITY AND ZIP CODE: Alameda, CA 94501
BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | |
|---|---|
| PLAINTIFF/PETITIONER: PETER HINTERDOBLER<br><br>DEFENDANT/RESPONDENT: FANUC AMERICA, a corporation doing business in the State of California | CASE NUMBER:<br>25CV133194 |
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>5077 |

(Separate proof of service is required for each party served.)

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of: ***Complaint; Civil Case Cover Sheet; Notice of Case Management Conference; Notice of Case Assignment; Summons; Statement of Damages; ADR Information Packet***

3.  a.  Party served *(specify name of party as shown on documents served):* ***FANUC AMERICA, a corporation doing business in the State of California***

    b.  [×] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):* **CSC-Attorneys Incorporating Service, agent for service - left with Koy Saechao (auth.)**

4.  Address where the party was served: ***2710 Gateway Oaks Dr, Ste 150N Sacramento, CA 95833***

5.  I served the party *(check proper box)*
    a.  [×] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **8/21/2025** (2) at: **11:20 AM**
    b.  [ ] **by substituted service.** On: at: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

    (1)  [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

    (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

    (3)  [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

    (4)  [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
         *on:*      *from:*      **or** [ ] a declaration of mailing is attached.

**Page 1 of 2**

| PLAINTIFF/PETITIONER: | PETER HINTERDOBLER | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | FANUC AMERICA, a corporation doing business in the State of California | 25CV133194 |

     (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.  c.  ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on*:*             (2)  from*:*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐ **by other means** (*specify means of service and authorizing code section*):

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐ as an individual defendant.

  b.  ☐ as the person sued under the fictitious name of (*specify*):

  c.  ☐ as occupant.

  d.  ☒ On behalf of (*specify*): **FANUC AMERICA, a corporation doing business in the State of California**
      under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)              ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)     ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)              ☐ 415.46 (occupant)

                                  ☐ other:

7.  **Person who served papers**

  a.  Name: **Keianna Hostetler**

  b.  Address: **828 Franklin St 802, San Francisco, CA 94102**

  c.  Telephone number: **415-440-2888**

  d.  **The fee** for service was:

  e.  I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ a registered California process server:

      (i) ☐ owner    ☐ employee    ☒ independent contractor.

      (ii)  Registration No.: **2025-048**

      (iii) County: **Sacramento**

8.  ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Peter With r.p.s.

_Keianna Hostetler_                  Date: **08/29/2025**

# EXHIBIT B



Business | Trademark                                                    Login

Home

Search

Forms

# Business Search

As of 9/12/2025 we have processed all business filings received in
our office through 09/10/2025.

**To file a document or annual report/statement for an existing
entity, search for the entity, select Request Access from the
slide-out drawer, complete the questions, refresh the
webpage, and select File Subsequent Document or File Annual
Report/Statement.**

**The same process applies to order certificates and copies.**

*You must be logged in to file documents or order certificates and
copies. Click on the Login button in the top right. If you do not
have an account, create one. The credentials from the previous
system did not transfer to this system.*

Business Search Info:                                          ⌄

| fanuc america | 🔍 |
|---|---|

                                    Advanced ⌄

                                                    Results: 2

| Name | Filing Date | Status | AR Standing | Entity Ty |
|---|---|---|---|---|
| FANUC AMERICA CORPORATION › | 10/07/1992 | Active | Good | Foreign Profit Corporati |
| FANUC FA AMERICA CORPORATION *Matched Names: FANUC AMERICA CORPORATION* › | 03/07/1985 | Withdrawn - Certificate of Withdrawal | N/A | Foreign Profit Corporati |

## FANUC AMERICA CORPORATION

| Entity Name | FANUC AMERICA CORPORATION |
|---|---|
| Prior Names | FANUC ROBOTICS NORTH AMERICA, INC., FANUC ROBOTICS AMERICA CORPORATION, FANUC ROBOTICS AMERICA, INC. |
| Identification # | 801036325 |
| Jurisdiction | Delaware |
| Entity Type | Foreign Profit Corporation |
| Entity Status | Active |
| AR Standing | Good |
| Common Shares | 1573000 |
| AR Due Date | 05/15/2026 |
| Initial Filing Date | 10/07/1992 |
| Last Report with Officers and Directors | 2025 |
| Total Authorized Shares | 1573000 |
| Shares Attributable to Michigan | 639774 |
| Current Period Apportionment % | 28.1145 |
| Current Period % Year End | 2024 |
| Resident Agent Name | CSC-LAWYERS INCORPORATING SERVICE (COMPANY) |
| Registered Office Street Address | 3410 BELLE CHASE WAY STE 600, LANSING, MI 48911 |
| President Name & Address | MICHAEL CICCO  3900 W HAMLIN, ROCHESTER HILLS, MI 48309 |
| Secretary Name & Address | BERNARD T. LOURIM 3900 W HAMLIN, ROCHESTER HILLS, MI 48309 |
| Treasurer Name & Address | DENNIS HOLT (CFO)  3900 W HAMLIN, ROCHESTER HILLS, MI 48309 |
| Directors Names & Addresses | MICHAEL CICCO  3900 W HAMLIN, ROCHESTER HILLS, MI 48309 |



View History &
Filings





History                                                                                    ✕

Total filings: 44                                                                    Collapse All

▼ 2025 Annual Report - *05/05/2025*

*Filing Type*
**2025 Annual Report**

*Date*
**05/05/2025**

*Image Download*
[ Download ]

▼ 2024 Annual Report - *07/10/2024*

*Filing Type*
**2024 Annual Report**

*Date*
**07/10/2024**

*Image Download*
[ Download ]

▼ 2023 Annual Report - *05/15/2023*

*Filing Type*
**2023 Annual Report**

*Date*
**05/15/2023**

*Image Download*
[ Download ]

▼ Certificate of Change of Registered Office and/or Resident Agent - *03/28/2023*

*Filing Type*
**Certificate of Change of Registered Office and/or Resident Agent**

*Date*
**03/28/2023**

*Image Download*
[ Download ]

▼ 2022 Annual Report - *05/12/2022*

*Filing Type*
**2022 Annual Report**

*Date*
**05/12/2022**

*Image Download*
[ Download ]

▼ 2021 Annual Report - *05/06/2021*

*Filing Type*
**2021 Annual Report**

*Date*
**05/06/2021**



**LARA** Corporations Online Filing System
Department of Licensing and Regulatory Affairs

Form Revision Date 07/2016

## ANNUAL REPORT
For use by FOREIGN PROFIT CORPORATION

*(Required by Section 911, Act 284, Public Act of 1972)*

| | |
|---|---|
| The identification number assigned by the Bureau is: | 801036325 |

Annual Report Filing Year:    2025

1. Corporation Name:

FANUC AMERICA CORPORATION

2. The street address of the corporation's registered office and the name of the resident agent at that office:
1. Resident Agent Name:    CSC-LAWYERS INCORPORATING SERVICE (COMPANY)
2. Street Address:    3410 BELLE CHASE WAY
   Apt/Suite/Other:    STE 600
   City:    LANSING
   State:    MI                                    Zip Code: 48911

3. Mailing address of the corporation's registered office:
   P.O. Box or Street Address:    3410 BELLE CHASE WAY
   Apt/Suite/Other:    STE 600
   City:    LANSING
   State:    MI                                    Zip Code: 48911

4. Provide the names and business or residence addresses of the corporation's board of directors and its president, treasurer, and secretary:

| Title | Name | Residence or Business Address |
|---|---|---|
| PRESIDENT | MICHAEL CICCO | 3900 W HAMLIN, ROCHESTER HILLS, MI 48309 USA |
| TREASURER | DENNIS HOLT (CFO) | 3900 W HAMLIN, ROCHESTER HILLS, MI 48309 USA |
| SECRETARY | BERNARD T. LOURIM | 3900 W HAMLIN, ROCHESTER HILLS, MI 48309 USA |
| DIRECTOR | MICHAEL CICCO | 3900 W HAMLIN, ROCHESTER HILLS, MI 48309 USA |

5. Describe the purposes and general nature and kind of business in which the corporation engaged in during the year covered by this report:
MANUFACTURER OF ROBOTIC SYSTEMS

6. Enter the apportionment percentage from the most recent filed Michigan tax return:

| | | | | | |
|---|---|---|---|---|---|
| Total Authorized shares: | 1573000 | Most recent apportionment percentage: | 28.1145 | For year ending: | 2024 ⌄ |
| Previous attributable shares: | 639774 | Previous period apportionment percentage: | 26.8580 | For year ending: | 2023 |

This document must be signed by an authorized officer or agent:

Signed this 5th Day of May, 2025 by:

| Signature | Title | Title if "Other" was selected |
|-----------|-------|-------------------------------|
| Bernard T. Lourim | Secretary | |
| | | |

By selecting ACCEPT, I hereby acknowledge that this electronic document is being signed in accordance with the Act. I further certify that to the best of my knowledge the information provided is true, accurate, and in compliance with the Act.

Decline    Accept

# MICHIGAN DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS

## FILING ENDORSEMENT

**This is to Certify that the** 2025  ANNUAL REPORT

for

FANUC AMERICA CORPORATION

**ID Number:**    801036325

**received by electronic transmission on**   May 05, 2025       **, is hereby endorsed.**

**Filed on**   May 05, 2025       **, by the Administrator.**

**The document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document.**



*In testimony whereof, I have hereunto set my hand and affixed the Seal of the Department, in the City of Lansing, this 5th day of May, 2025.*

*Linda Clegg, Director*

*Corporations, Securities & Commercial Licensing Bureau*

# EXHIBIT C

**STATE OF TEXAS**
**CERTIFICATE OF CONVERSION**
**OF A DELAWARE CORPORATION**
**TO A TEXAS CORPORATION**

Pursuant to Sections 10.154 and 10.155 of the Texas Business Organizations Code, the undersigned hereby executes the following certificate of conversion for filing with the Secretary of State of the State of Texas.

1. The name, organizational form, date of formation and jurisdiction of formation of the converting entity, and the file number issued to the converting entity by the Secretary of State of the State of Texas, are as follows:

   | | |
   |---|---|
   | Name: | Tesla, Inc. |
   | Organizational Form: | Corporation |
   | Date of Formation: | July 1, 2003 |
   | Jurisdiction: | Delaware |
   | File Number: | 3677166 |

2. The name, organizational form and jurisdiction of formation of the converted entity are as follows:

   | | |
   |---|---|
   | Name: | Tesla, Inc. |
   | Organizational Form: | Corporation |
   | Jurisdiction: | Texas |

3. The certificate of formation of the converted entity is attached hereto as <u>Annex 1</u>.

4. The plan of conversion is on file at 1 Tesla Road, Austin, Texas 78725, the principal place of business of the converting entity. The plan of conversion will be on file after the conversion at 1 Tesla Road, Austin, Texas 78725, the principal place of business of the converted entity. A copy of the plan of conversion will be on written request furnished without cost by the converting entity before the conversion or by the converted entity after the conversion to any owner or member of the converting entity or the converted entity.

5. The plan of conversion has been approved as required by the laws of the jurisdiction of formation and the governing documents of the converting entity.

6. The converted entity is liable for the payment of any required franchise taxes of the converting entity in the State of Texas.

7. This certificate of conversion shall become effective at 4:59 p.m., Central Time on June 13, 2024.

*[Signature page follows]*

The undersigned signs this certificate of conversion subject to the penalties imposed by law for submission of a materially false or fraudulent statement. The undersigned certifies that the statements contained herein are true and correct and that the person signing is authorized under the provisions of the laws applicable to and governing the converting entity to execute this certificate of conversion.

Date: June 13, 2024

**TESLA, INC.**

By:    s/ *Vaibhav Taneja*
Name:  Vaibhav Taneja
Title:   Chief Financial Officer

*Signature Page to Texas Certificate of Conversion*

## ANNEX 1

### CERTIFICATE OF FORMATION
### OF
### TESLA, INC.

(see attached)

# CERTIFICATE OF FORMATION

## OF

## TESLA, INC.

### a Texas corporation

Tesla, Inc., a corporation organized and existing under the laws of the State of Texas (the "**Corporation**"), hereby certifies as follows:

A.      Tesla, Inc. (formerly known as Tesla Motors, Inc.), a Delaware corporation (the "**Delaware Corporation**"), with its principal place of business at 1 Tesla Road, Austin, Texas 78725, was originally incorporated on July 1, 2003.

B.      The Delaware Corporation was converted into a corporation incorporated under the laws of the State of Texas under the name "Tesla, Inc." on June 13, 2024 pursuant to a plan of conversion, under which the Delaware Corporation converted to the Corporation.

## ARTICLE I

The name of the Corporation is Tesla, Inc.

## ARTICLE II

The address of the Corporation's registered office in the State of Texas is 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. The name of its registered agent at such address is CT Corporation System.  The initial mailing address of the Corporation is 1 Tesla Road, Austin, Texas 78725.

## ARTICLE III

The nature of the business or purposes to be conducted or promoted by the Corporation is to engage in any lawful act or activity for which corporations may be organized under the Texas Business Organizations Code (the "**TBOC**").

## ARTICLE IV

4.1.      Authorized Capital Stock.  The total number of shares of all classes of capital stock which the Corporation is authorized to issue is 6,100,000,000 shares, consisting of 6,000,000,000 shares of Common Stock, par value $0.001 per share (the "**Common Stock**"), and 100,000,000 shares of Preferred Stock, par value $0.001 per share (the "**Preferred Stock**").

4.2.      Increase or Decrease in Authorized Capital Stock.  The number of authorized shares of Preferred Stock or Common Stock may be increased or decreased (but not below the number of shares thereof then outstanding) by the affirmative vote of the holders of a majority in voting power of the stock of the Corporation entitled to vote generally in the election of directors, voting together as a single class, except as may be required by the TBOC, without a separate vote of the holders

of the class or classes the number of authorized shares of which are being increased or decreased, unless a vote by any holders of one or more series of Preferred Stock is required by the express terms of any series of Preferred Stock as provided for or fixed pursuant to the provisions of Section 4.4 of this Article IV.

    4.3.   <u>Common Stock</u>.

        (a)    The holders of shares of Common Stock shall be entitled to one vote for each such share on each matter properly submitted to the shareholders on which the holders of shares of Common Stock are entitled to vote. Except as otherwise required by law or this certificate of formation (this **"Certificate of Formation"** which term, as used herein, shall mean the certificate of formation of the Corporation, as amended from time to time, including the terms of any certificate of designations of any series of Preferred Stock), and subject to the rights of the holders of Preferred Stock, at any annual or special meeting of the shareholders the holders of shares of Common Stock shall have the right to vote for the election of directors and on all other matters properly submitted to a vote of the shareholders; provided, however, that, except as otherwise required by law, holders of Common Stock shall not be entitled to vote on any amendment to this Certificate of Formation that relates solely to the terms, number of shares, powers, designations, preferences, or relative participating, optional or other special rights (including, without limitation, voting rights), or to qualifications, limitations or restrictions thereon, of one or more outstanding series of Preferred Stock if the holders of such affected series are entitled, either separately or together with the holders of one or more other such series, to vote thereon pursuant to this Certificate of Formation (including, without limitation, by any certificate of designations relating to any series of Preferred Stock) or pursuant to the TBOC. To the maximum extent permitted by the TBOC, but subject to the rights, if any, of the holders of Preferred Stock as specified in this Certificate of Formation or in any certificate of designation, and further subject to the Bylaws and the provisions of Article IX of this Certificate of Formation, the vote of shareholders holding a majority of the shares of stock entitled to vote on the matter then outstanding shall be sufficient to approve, authorize, adopt, or to otherwise cause the Corporation to take, or affirm the Corporation's taking of, any action, including any "fundamental business transaction" as defined in the TBOC.

        (b)    Subject to the rights of the holders of Preferred Stock, the holders of shares of Common Stock shall be entitled to receive such dividends and other distributions (payable in cash, property or capital stock of the Corporation) when, as and if declared thereon by the Board of Directors from time to time out of any assets or funds of the Corporation legally available therefor and shall share equally on a per share basis in such dividends and distributions.

        (c)    In the event of any voluntary or involuntary liquidation, dissolution or winding-up of the Corporation, after payment or provision for payment of the debts and other liabilities of the Corporation, and subject to the rights of the holders of Preferred Stock in respect thereof, the holders of shares of Common Stock shall be entitled to receive all the remaining assets of the Corporation available for distribution to its shareholders, ratably in proportion to the number of shares of Common Stock held by them.

4.4.    <u>Preferred Stock</u>.

(a)    The Preferred Stock may be issued from time to time in one or more series pursuant to a resolution or resolutions providing for such issue duly adopted by the Board of Directors (authority to do so being hereby expressly vested in the Board of Directors). The Board of Directors is further authorized, subject to limitations prescribed by law, to fix by resolution or resolutions and to set forth in a certification of designations filed pursuant to the TBOC the powers, designations, preferences and relative, participation, optional or other rights, if any, and the qualifications, limitations or restrictions thereof, if any, of any wholly unissued series of Preferred Stock, including without limitation dividend rights, dividend rate, conversion rights, voting rights, rights and terms of redemption (including sinking fund provisions), redemption price or prices, and liquidation preferences of any such series, and the number of shares constituting any such series and the designation thereof, or any of the foregoing.

(b)    The Board of Directors is further authorized to increase (but not above the total number of authorized shares of the class) or decrease (but not below the number of shares of any such series then outstanding) the number of shares of any series, the number of which was fixed by it, subsequent to the issuance of shares of such series then outstanding, subject to the powers, preferences and rights, and the qualifications, limitations and restrictions thereof stated in the Certificate of Formation or the resolution of the Board of Directors originally fixing the number of shares of such series. If the number of shares of any series is so decreased, then the shares constituting such decrease shall resume the status which they had prior to the adoption of the resolution originally fixing the number of shares of such series.

## ARTICLE V

5.1.    <u>General Powers</u>.  The business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors.

5.2.    <u>Number of Directors; Initial Directors; Election; Term</u>.

(a)    The number of directors constituting the initial Board of Directors is eight (8) and their names and addresses are as follows:

| **Name** | **Address** |
|---|---|
| 1. Elon Musk | 1 Tesla Road, Austin, Texas 78725 |
| 2. Robyn M. Denholm | 1 Tesla Road, Austin, Texas 78725 |
| 3. Ira Ehrenpreis | 1 Tesla Road, Austin, Texas 78725 |
| 4. Joe Gebbia | 1 Tesla Road, Austin, Texas 78725 |
| 5. James Murdoch | 1 Tesla Road, Austin, Texas 78725 |
| 6. Kimbal Musk | 1 Tesla Road, Austin, Texas 78725 |
| 7. JB Straubel | 1 Tesla Road, Austin, Texas 78725 |
| 8. Kathleen Wilson-Thompson | 1 Tesla Road, Austin, Texas 78725 |

(b)    Subject to the rights of holders of any series of Preferred Stock with respect to the election of directors, the number of directors that constitutes the entire Board of Directors of the Corporation shall be fixed solely by the manner provided in the Bylaws.

(c)     Subject to the rights of holders of any series of Preferred Stock with respect to the election of directors, effective upon the closing date (the "**Effective Date**") of the initial sale of shares of common stock in the Corporation's initial public offering pursuant to an effective registration statement filed under the Securities Act of 1933, as amended, the directors of the Corporation shall be divided into three classes as nearly equal in size as is practicable, hereby designated Class I, Class II and Class III. The initial assignment of members of the Board of Directors to each such class shall be made by the Board of Directors. The term of office of the initial Class I directors shall expire at the first regularly-scheduled annual meeting of the shareholders following the Effective Date, the term of office of the initial Class II directors shall expire at the second annual meeting of the shareholders following the Effective Date and the term of office of the initial Class III directors shall expire at the third annual meeting of the shareholders following the Effective Date. At each annual meeting of shareholders, commencing with the first regularly-scheduled annual meeting of shareholders following the Effective Date, each of the successors elected to replace the directors of a Class whose term shall have expired at such annual meeting shall be elected to hold office until the third annual meeting next succeeding his or her election and until his or her respective successor shall have been duly elected and qualified. Subject to the rights of holders of any series of Preferred Stock with respect to the election of directors, if the number of directors that constitutes the Board of Directors is changed, any newly created directorships or decrease in directorships shall be so apportioned by the Board of Directors among the classes as to make all classes as nearly equal in number as is practicable, provided that no decrease in the number of directors constituting the Board of Directors shall shorten the term of any incumbent director.

(d)     Notwithstanding the foregoing provisions of this Section 5.2, and subject to the rights of holders of any series of Preferred Stock with respect to the election of directors, each director shall serve until his or her successor is duly elected and qualified or until his or her earlier death, resignation, or removal.

(e)     Elections of directors need not be by written ballot unless the Bylaws of the Corporation shall so provide.

5.3.    Removal.    Subject to the rights of holders of any series of Preferred Stock with respect to the election of directors, a director may be removed from office by the shareholders of the Corporation only for cause.

5.4.    Vacancies and Newly Created Directorships.    Subject to the rights of holders of any series of Preferred Stock with respect to the election of directors, and except as otherwise provided in the TBOC, vacancies occurring on the Board of Directors for any reason and newly created directorships resulting from an increase in the authorized number of directors may be filled in any manner permitted by the TBOC, including by (a) the Board of Directors at any meeting of the Board of Directors by vote of a majority of the remaining members of the Board of Directors, although less than a quorum, or (b) a sole remaining director, in each case to the extent permitted by the TBOC. A person so elected or appointed to fill a vacancy or newly created directorship shall hold office until the next election of the class for which such director shall have been assigned by the Board of Directors and until his or her successor shall be duly elected and qualified.

## ARTICLE VI

In furtherance and not in limitation of the powers conferred by statute, the Board of Directors of the Corporation is expressly authorized to adopt, amend or repeal the Bylaws of the Corporation.

## ARTICLE VII

7.1.    Action by Written Consent of Shareholders. Any action required or permitted by the TBOC to be taken at any annual or special meeting of shareholders, may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by all holders of shares entitled to vote on such action. Any such action taken by written consent shall be delivered to the Corporation at its principal office.

7.2.    Special Meetings. Except as otherwise expressly provided by the terms of any series of Preferred Stock permitting the holders of such series of Preferred Stock to call a special meeting of the holders of such series, special meetings of shareholders of the Corporation may be called only by the Board of Directors, the chairperson of the Board of Directors, the chief executive officer, (to the extent required by the TBOC ) the president, or by the holders of not less than 50% (or the highest percentage of ownership that may be set under the TBOC) of the Corporation's then outstanding shares of capital stock entitled to vote at such special meeting. The Board of Directors may postpone or reschedule any previously scheduled special meeting at any time, before or after the notice for such meeting has been sent to the shareholders.

7.3.    Advance Notice. Advance notice of shareholder nominations for the election of directors and of business to be brought by shareholders before any meeting of the shareholders of the Corporation shall be given in the manner provided in the Bylaws of the Corporation.

## ARTICLE VIII

8.1.    Limitation of Personal Liability. To the fullest extent permitted by the TBOC, as it presently exists or may hereafter be amended from time to time, a director of the Corporation shall not be personally liable to the Corporation or its shareholders for monetary damages for breach of fiduciary duty as a director. If the TBOC is amended to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director of the Corporation shall be eliminated or limited to the fullest extent permitted by the TBOC, as so amended. Any repeal or amendment of this Section 8.1 by the shareholders of the Corporation or by changes in law, or the adoption of any other provision of this Certificate of Formation inconsistent with this Section 8.1 will, unless otherwise required by law, be prospective only (except to the extent such amendment or change in law permits the Corporation to further limit or eliminate the liability of directors) and shall not adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or amendment or adoption of such inconsistent provision with respect to acts or omissions occurring prior to such repeal or amendment or adoption of such inconsistent provision.

8.2.    Indemnification. To the fullest extent permitted by the TBOC, as it presently exists or may hereafter be amended from time to time, the Corporation is also authorized to provide indemnification of (and advancement of expenses to) its directors, officers and agents of the

5

Corporation (and any other persons to which the TBOC permits the Corporation to provide indemnification) through bylaw provisions, agreements with such agents or other persons, vote of shareholders or disinterested directors or otherwise.

## ARTICLE IX

The Corporation reserves the right to amend, alter, change or repeal any provision contained in this Certificate of Formation (including any rights, preferences or other designations of Preferred Stock), in the manner now or hereafter prescribed by this Certificate of Formation and the TBOC; and all rights, preferences and privileges herein conferred upon shareholders by and pursuant to this Certificate of Formation in its present form or as hereafter amended are granted subject to the right reserved in this Article IX. Notwithstanding any other provision of this Certificate of Formation, and in addition to any other vote that may be required by law or the terms of any series of Preferred Stock, the affirmative vote of the holders of at least 66 2/3% of the voting power of all then outstanding shares of capital stock of the Corporation entitled to vote generally in the election of directors, voting together as a single class, shall be required to amend, alter or repeal, or adopt any provision as part of this Certificate of Formation inconsistent with the purpose and intent of, Article V, Article VI, Article VII or this Article IX (including, without limitation, any such Article as renumbered as a result of any amendment, alteration, change, repeal or adoption of any other Article).

IN WITNESS WHEREOF, Tesla, Inc. has caused this Certificate of Formation to be signed by a duly authorized officer of the Corporation on this 13th day of June, 2024.


By:   s/ *Vaibhav Taneja*
      Vaibhav Taneja, Chief Financial Officer

# EXHIBIT D

**- DO NOT FILE WITH THE COURT -**                                                    **CIV-050**
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* TELEPHONE NO.: (415) 745 3595<br>Elinor Leary, Esq.   SBN: 227232<br>First Person Legal<br>100 Pine Street, Ste 1250<br>San Francisco, California 94111<br><br>ATTORNEY FOR *(name):* Plaintiff Peter Hinterdobler | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS: 24405 Amador Street
CITY AND ZIP CODE: Hayward, CA
BRANCH NAME: Hayward Hall of Justice

PLAINTIFF: Peter Hinterdobler

DEFENDANT: FANUC AMERICA, a corporation doing business in the State of California

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>25CV133194 |
|---|---|

To *(name of one defendant only):* FANUC AMERICA, a corporation doing business in the State of California
Plaintiff *(name of one plaintiff only):* Peter Hinterdobler
seeks damages in the above-entitled action, as follows:

AMOUNT

1. **General damages**
   a. [x] Pain, suffering, and inconvenience ......................................................................................... $ 20,000,000
   b. [x] Emotional distress. ................................................................................................................. $ 10,000,000
   c. [ ] Loss of consortium ............................................................................................................... $
   d. [ ] Loss of society and companionship *(wrongful death actions only)* ................................... $
   e. [ ] Other *(specify)* _____ $
   f. [ ] Other *(specify)* _____ $
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [x] Medical expenses *(to date)* ............................................................................................... $ 1,000,000
   b. [x] Future medical expenses *(present value)* .......................................................................... $ 6,000,000
   c. [x] Loss of earnings *(to date)* ................................................................................................. $ 1,000,000
   d. [x] Loss of future earning capacity *(present value)* ............................................................... $ 8,000,000
   e. [ ] Property damage ................................................................................................................. $
   f. [ ] Funeral expenses *(wrongful death actions only)* .............................................................. $
   g. [ ] Future contributions *(present value) (wrongful death actions only)* ................................. $
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* .................. $
   i. [X] Other *(specify)*   Past and future loss of household services                               $ 5,000,000
   j. [ ] Other *(specify)* _____ $
   k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ _____
   when pursuing a judgment in the suit filed against you.

Date: August 12, 2025

Elinor Leary

_____          ▶          _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. July 1, 2025]

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
courts.ca.gov

CIV-050

| PLAINTIFF: Peter Hinterdobler | CASE NUMBER: |
|---|---|
| DEFENDANT: FANUC AMERICA, a corporation doing business in the State of California | 25CV133194 |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages ☐ Other *(specify):*
   b. on *(name):*
   c. by serving ☐ defendant ☐ other *(name and title or relationship to person served):*
   d. ☐ by delivery ☐ at home ☐ at business
      (1) date:
      (2) time:
      (3) address:
   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box):*
   a. ☐ **Personal service.** By personally delivering copies. (Code Civ. Proc., § 415.10.)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (Code Civ. Proc., § 415.20(a).)
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (Code Civ. Proc., § 415.20(b).) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (Code Civ. Proc., § 415.30.) **(Attach completed acknowledgment of receipt.)**
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (Code Civ. Proc., § 415.40.) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. ☐ Other *(specify code section):*
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Business and Professions Code section 22350(b)

   f. Name, address, and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

Date:

▶ _____
(SIGNATURE)

▶ _____
(SIGNATURE)

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ] [ Save this form ]    [ Clear this form ]

# EXHIBIT E

GREENBERG TRAURIG, LLP
Richard Tabura (SBN 298677)
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
Richard.Tabura@gtlaw.com

GREENBERG TRAURIG, LLP
Alexander Nowinski (SBN 304967)
400 Capitol Mall, Suite 2400
Sacramento, California 95814
Telephone: 916.442.1111
Facsimile: 916.448.1709
Alexander.Nowinski@gtlaw.com

Attorneys for Defendant,
TESLA, INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER HINTERDOBLER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FANUC AMERICA, *et al.*,<br><br>Defendants. | CASE NO. 4:25-cv-08001<br><br>Removed from the Superior Court<br>of the State of California, County of Alameda<br>State Court Case No. 25CV133194<br><br>**DEFENDANT TESLA, INC.'S CONSENT TO REMOVAL**<br><br>State Court Action Filed: July 22, 2025<br>Removal Date: September 19, 2025 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant Tesla, Inc. consents to the removal of the action captioned *Peter Hinterdobler v. FANUC America, et al.*, Case No. 25CV133194, from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

1

1

2

3     Dated: September 19, 2025          GREENBERG TRAURIG

4                                        RICHARD TABURA
                                         ALEXANDER NOWINSKI

5

6                                        By: _/s/ Richard Tabura_

7                                                RICHARD TABURA

8                                        Attorneys for Defendant
                                         TESLA, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT TESLA INC.'S CONSENT TO REMOVAL

**PROOF OF SERVICE**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of 18 years and not a party to the within-entitled action. My business address is 355 South Grand Avenue, Suite 2850, Los Angeles, California 92880. On September 19, 2025, I served a copy of the within document(s):

> **NOTICE OF REMOVAL BY DEFENDANT FANUC AMERICA CORPORATION**

as follows:

☒ by sealing the document(s) listed above in an envelope and placing it for collection, which would, in the ordinary course of business, be deposited with the United States Postal Service on this date for delivery to the person(s) at the address(es) set forth below.

☐ by sealing the document(s) listed above in an envelope and causing them to be personally delivered *via* courier to the person(s) at the address(es) set forth below.

☐ by sealing the document(s) listed above in a FEDEX envelope/box and placing it for collection, which would, in the ordinary course of business, be deposited with FEDEX for delivery to the person(s) at the address(es) set forth below.

☒ by emailing a true and correct copy of the document(s) listed to the person(s) at the email address(es) set forth below.

| | |
|---|---|
| FIRST PERSON LEGAL<br>Elinor Leary, State Bar No. 227232<br>100 Pine St. Ste 1250<br>San Francisco, CA 94111<br>eleary@firstperson.legal | Counsel for Plaintiff<br>PETER HINTERDOBLER |
| GREENBERG TRAURIG, LLP<br>Richard Tabura (SBN 298677)<br>1840 Century Park East, Suite 1900<br>Los Angeles, California 90067-2121<br>Telephone: 310.586.7700<br>Facsimile: 310.586.7800<br>Richard.Tabura@gtlaw.com<br><br>GREENBERG TRAURIG, LLP<br>Alexander Nowinski (SBN 304967)<br>400 Capitol Mall, Suite 2400<br>Sacramento, California 95814<br>Telephone: 916.442.1111<br>Facsimile: 916.448.1709<br>Alexander.Nowinski@gtlaw.com | Counsel for Defendant<br>TESLA, INC. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 19, 2025, at Los Angeles, California.

Melody Shockley

HUSCH BLACKWELL LLP
1999 HARRISON STREET SUITE 1300, OAKLAND, CA 94612
510.768.0650

6