UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER HINTERDOBLER, | Case No. 25-cv-08001-EMC |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO REDACT** |
| FANUC AMERICA CORPORATION, et al., | Docket No. 50 |
| Defendants. | |

Currently pending before the Court is Plaintiff's motion to redact certain portions of a transcript of a public hearing. The Court ordered the parties to meet and confer to determine whether they could reach agreement on what, if anything, should be redacted (*i.e.*, sealed). The parties were unable to reach agreement. The Court finds the matter suitable for resolution without oral argument. Plaintiff's motion is **DENIED**.

As an initial matter, the Court notes that the issue of sealing is somewhat of a moot point given that the information Plaintiff wishes to seal was already disclosed at a public hearing. But even if that were not the case, the Court would not rule in Plaintiff's favor. There must be good cause to seal. *See Curtis v. City of Oakland*, No. 10-cv-00358-SI, 2015 U.S. Dist. LEXIS 32987, at *2 (N.D. Cal. Mar. 17, 2015) (noting that, "when a party seeks to seal documents attached to a non-dispositive motion, a showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient"). Here, Plaintiff seeks to seal two categories of information: (1) medical and (2) "work product."

/ / /

/ / /

Regarding the first category, the fact that Plaintiff put his medical condition at issue by bringing suit does not automatically mean any and all medical information should be publicly disclosed. That being said, here, Plaintiff's complaint expressly states that he was hit by a robotic arm with such force that he was thrown to the ground and lost consciousness. *See* Compl. ¶ 15. Furthermore, the information that was disclosed in the public hearing was simply a description of Plaintiff's medical condition in general terms only: that he suffered an orthopedic injury (to at least his spine), that he was being evaluated for a neurological injury, and that he was able to return to work though not in the same capacity. *See* Tr. at 17, 23. Given these circumstances, the Court holds that there is not good cause to seal. This ruling does not bar Plaintiff from seeking to seal more specific or sensitive medical information in the future.

As for "work product," the information that Plaintiff seeks to seal is his valuation of the case – that it could be a six- or seven-figure case, depending on the nature of the injuries suffered. It is far from clear that this information constitutes work product. The amount of damages suffered would be Plaintiff's damages demand, which presumably would be conveyed to Defendant. That the damages demand would be based on the injuries suffered is obvious. Furthermore, Rule 26 requires the disclosure of "a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). Finally, even if the information

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

2

reflected something about counsel's mental impressions, the fact that counsel voluntarily provided the information in response to a Court question would waive any work product privilege that might otherwise obtain.

Accordingly, Plaintiff's motion to redact (or seal) is denied.

This order disposes of Docket No. 50.

**IT IS SO ORDERED**.

Dated: March 10, 2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

3